**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MARNIE HAMMEL,<br><br>    Plaintiff,<br><br>    v.<br><br>MARSH USA INC.<br><br>    and<br><br>MARSH & MCLENNAN COMPANIES, INC.<br><br>    Defendants. | **Civil Action No. 14-943 (CKK)** |

**MEMORANDUM OPINION**
(February 10, 2015)

Plaintiff Marnie Hammel filed suit against Marsh USA Inc. and Marsh & McLennan Companies, Inc. ("MMC"), alleging violations of the District of Columbia Human Rights Act ("DCHRA"), D.C. Code Ann. §§ 2-1401.01 *et seq.*, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and the Pregnancy Discrimination Act[1], arising out of Plaintiff's employment as a FINPRO Claims Advocate in Washington, D.C.  Plaintiff alleges that her former employer, Defendant Marsh USA Inc., discriminated against her on the basis of her sex, sexual orientation, marital status, parental status, and pregnancy, and retaliated against her for reporting harassment.  Presently before the Court is Defendants' [7] Motion to Dismiss. Upon consideration of the pleadings,[2] the relevant legal authorities, and the record as a whole,

---

[1] The Pregnancy Discrimination Act was incorporated into Title VII in 1978.

[2] Defendants' Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Defs.' Mot."), ECF No. [7]; Plaintiff's Opposition to Defendants' Motion

the Court finds that Plaintiff's claims are not barred by the statute of limitations as Defendants contend. The Court does find, however, that Plaintiff's Title VII claims against Defendant MMC must be dismissed for failure to exhaust administrative remedies, and that Plaintiff's constructive discharge claims must be dismissed to the extent they are asserted as independent bases for liability. Accordingly, Defendants' Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) is DENIED IN PART and GRANTED IN PART.

## I. BACKGROUND

As Defendants' main arguments in their Motion to Dismiss pertain to the statute of limitations and other procedural aspects of this case, the Court's discussion of the facts will focus on the procedural, not factual, history of Plaintiff's claims. For the purposes of this motion, the Court accepts as true the well-pleaded allegations in Plaintiff's Complaint.

Plaintiff alleges that the "primary acts of discrimination and retaliation at issue . . . occurred between April 2009 and July 11, 2012," leading to her constructive discharge in July 2012. Compl. ¶¶ 3, 54, ECF No. [1-1]. Shortly after her constructive discharge, Plaintiff filed a complaint with the U.S. Equal Employment Opportunity Commission ("EEOC") on July 17, 2012, which was cross-filed pursuant to a work-sharing agreement on the same date with the District of Columbia's Office of Human Rights ("DCOHR"). *Id.* ¶¶ 3, 54, 56. The EEOC transferred Plaintiff's complaint from the EEOC Washington Field Office to the EEOC Oklahoma District Office on July 15, 2013. *Id.* ¶ 4. On February 10, 2014, Plaintiff contacted the Oklahoma EEOC office and inquired about the status of her case. *Id.* ¶ 5. Plaintiff alleges that she was then informed "for the first time that her case had been closed and a notice of rights

---

to Dismiss ("Pl.'s Opp'n"), ECF No. [11]; Defendants' Reply in Support of Their Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Defs.' Reply"), ECF No. [12].

had been issued on August 26, 2013." *Id.* During this conversation, Plaintiff asked the EEOC to send her a copy of the right to sue letter. *Id.* Plaintiff received the copy of her right to sue letter on February 14, 2014. *Id.* Plaintiff alleges that she never received the August 26, 2013, notice at the time it was issued. *Id.* After receiving the EEOC right to sue letter in February 2014, Plaintiff filed a notice of withdrawal of her complaint with the DCOHR on March 11, 2014. *Id.* ¶ 6.

On April 25, 2014, Plaintiff filed suit, in the Superior Court of the District of Columbia, alleging twenty counts: 13 counts under the DCHRA, 5 counts under Title VII, and 2 counts under the Pregnancy Discrimination Act.[3] *See generally* Compl. Defendants removed the case to the United States District Court for the District of Columbia on June 4, 2014. Notice of Removal, ECF No. [1].

Defendants now move to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants argue that all of Plaintiff's claims are barred by the statute of

---

[3] Specifically, Plaintiff alleges the following counts: (1) Sex Discrimination – Hostile Working Environment and Harassment – DCHRA; (2) Sex Discrimination – Disparate Treatment in Pay and Promotions – DCHRA; (3) Sexual Orientation Discrimination – Hostile Working Environment and Harassment – DCHRA; (4) Sexual Orientation – Disparate Treatment in Pay and Promotions – DCHRA; (5) Retaliation – Hostile Working Environment and Harassment – DCHRA; (6) Retaliation – Disparate Treatment in Pay and Promotions – DCHRA; (7) Pregnancy Discrimination – Hostile Working Environment and Harassment – DCHRA; (8) Pregnancy Discrimination – Disparate Treatment in Pay and Promotions – DCHRA; (9) Parental Status - Hostile Working Environment and Harassment – DCHRA; (10) Parental Status - Disparate Treatment in Pay and Promotions – DCHRA; (11) Marital Status - Hostile Working Environment and Harassment – DCHRA; (12) Marital Status – Disparate Treatment in Pay and Promotions – DCHRA; (13) Constructive Discharge – DCHRA; (14) Sex Discrimination – Hostile Working Environment and Harassment – Title VII; (15) Sex Discrimination – Disparate Treatment in Pay and Promotions – Title VII; (16) Retaliation – Hostile Working Environment and Harassment – Title VII; (17) Retaliation – Disparate Treatment in Pay and Promotions – Title VII; (18) Constructive Discharge – Title VII; (19) Pregnancy – Hostile Working Environment and Harassment – Pregnancy Discrimination Act; and (20) Pregnancy – Disparate Treatment in Pay and Promotions – Pregnancy Discrimination Act. *See generally* Compl.

limitations, that Plaintiff failed to exhaust her administrative remedies against Defendant MMC, and that Plaintiff's constructive discharge claims are not independent causes of action under either Title VII or the DCHRA and thus should be dismissed.  *See* Defs.' Mot. at 1–2.  As Plaintiff has filed an Opposition and Defendants have filed a Reply, Defendants' Motion is now ripe for review.

## II.  LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint on the grounds that it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  The Federal Rules of Civil Procedure require that a complaint contain " 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *accord Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*).  In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court must construe the complaint in the light most favorable to the plaintiff and must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations. *In re United Mine Workers of Am. Employee Benefit Plans Litig.*, 854 F.Supp. 914, 915 (D.D.C. 1994).  "[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). Rather, a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

A motion to dismiss may be granted on statute of limitations grounds only if apparent from the face of the complaint. *See Nat'l R.R. Passenger Corp. v. Lexington Ins. Co.,* 357 F.Supp.2d 287, 292 (D.D.C. 2005) ("A defendant may raise the affirmative defense of a statute of limitations via a Rule 12(b)(6) motion when the facts giving rise to the defense are apparent on the face of the complaint"). "Because statute of limitations defenses often are based on contested facts, the court should be cautious in granting a motion to dismiss on such grounds; 'dismissal is appropriate only if the complaint on its face is conclusively time-barred.' " *Rudder v. Williams*, ---F.Supp.2d---, 2014 WL 2586335, at \*2 (D.D.C. June 10, 2014) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996)).

### III. DISCUSSION

#### A. Statute of Limitations

Defendants first argue that both Plaintiff's DCHRA claims and Plaintiff's Title VII claims are barred by their respective statute of limitations. The Court finds that neither statute of limitations bars Plaintiff's claims.

##### i. Plaintiff's DCHRA Claims

Pursuant to the DCHRA, "[a] private cause of action [under the statute] shall be filed in a court of competent jurisdiction within one year of the unlawful discriminatory act[.]" D.C. Code § 2-1403.16(a). Specifically,

> [a]ny person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of competent jurisdiction for damages and such other remedies as may be appropriate, unless such person has filed a complaint hereunder; provided, that ***where the Office has dismissed such complaint on the grounds of administrative convenience, or where the complainant has withdrawn a complaint, such person shall maintain all rights to bring suit as if no complaint had been filed.*** No person who maintains, in a court of competent jurisdiction, any action based upon an act which would be an unlawful discriminatory practice under this chapter may file the same complaint

> with the Office. ***A private cause of action pursuant to this chapter shall be filed in a court of competent jurisdiction within one year of the unlawful discriminatory act,*** or the discovery thereof, except that the limitation shall be within 2 years of the unlawful discriminatory act, or the discovery thereof, for complaints of unlawful discrimination in real estate transactions brought pursuant to this chapter or the FHA. ***The timely filing of a complaint with the Office, or under the administrative procedures established by the Mayor pursuant to § 2-1403.03, shall toll the running of the statute of limitations while the complaint is pending.***

*Id.* (emphasis added).

Defendants argue that Plaintiff's DCHRA claims are untimely filed because Plaintiff filed her discrimination suit in the Superior Court of the District of Columbia one year and nine months after her constructive discharge. Defs.' Mot. at 11. Defendants contend that the administrative complaint Plaintiff filed with the EEOC, which was automatically cross-filed with the DCOHR, did not toll the statute of limitations because Plaintiff ultimately withdrew her complaint with the DCOHR. *Id*. Defendant's point to the language in the DCHRA statute of limitations stating that "where the complainant has withdrawn a complaint, such person shall maintain all rights to bring suit as if no complaint had been filed." *Id.* at 10. Defendants interpret this language to state that when a complainant withdraws a complaint, any tolling period that accrued during the pendency of the complaint before the administrative body is erased and the complainant must file suit in court within one year of the discriminatory act. *Id.* at 10–11.

Plaintiff contends, on the other hand, that the language of the statute clearly indicates that her DCHRA claims are timely because the statute of limitations is tolled while an administrative complaint is pending before the DCOHR. Pl.'s Opp'n at 14. Plaintiff argues that the withdrawal of her administrative complaint with the DCOHR had no effect on the tolling of her claims because the tolling period ended when the EEOC's right to sue letter automatically terminated

her DCOHR case based on administrative convenience—an event that occurred prior to Plaintiff withdrawing her complaint from the DCOHR "in an abundance of caution." *Id.* at 17. Plaintiff further argues that, in any event, the statute of limitations would have still been tolled between the cross-filing of her complaint with the DCOHR and when her complaint was withdrawn. *Id.*

The Court agrees with Plaintiff that her DCHRA claims were timely filed. The District of Columbia Court of Appeals has clearly held that "timely filing a claim with the U.S. Equal Employment Opportunity Commission ("EEOC"), which in turn cross-files with DCHRA, tolls the time for filing a private cause of action under D.C. law." *Estenos v. PAHO/WHO Fed. Credit Union*, 952 A.2d 878, 882 (D.C. 2008); *see also Miller v. Gray*, --- F.Supp.2d ---, 2014 WL 2932531, at *5 (D.D.C. June 30, 2014) ("[C]harges received by one agency under the agreement shall be deemed received by the other agency." (quoting *Schuler v. PricewaterhouseCoopers, LLP*, 514 F.3d 1365, 1372 (D.C. Cir. 2008)). Recent D.C. Circuit district court cases on this issue follow *Estenos* and find the statute of limitations to be tolled during the pendency of an administrative complaint. *See, e.g. Frett v. Howard University*, 24 F.Supp.3d 76, 83 (D.D.C. 2014) ("Bringing claims to the DCOHR tolls the one-year statute of limitations for bringing those same claims to a court, . . . and "[w]hen a charge of discrimination is filed with the EEOC in the District of Columbia, a claim is automatically cross-filed with the [DCOHR] pursuant to a 'worksharing agreement' between the two agencies."); *Miller*, 2014 WL 2932531, at *5 ("[O]nce the EEOC charge was filed, the DCHRA's one year statute of limitation was tolled until the plaintiff received a notice from the EEOC of his right to sue"); *Leftwich v. Gallaudet University*, 878 F.Supp.2d 81, 93 (D.D.C. 2012) ("[F]iling a complaint with the D.C. Office of Human Rights 'tolls the running of the statute of limitations while the complaint is pending.'" (quoting *Thompson v. District of Columbia*, 573 F.Supp.2d 64, 67 (D.D.C. 2008))); *Ellis v.*

*Georgetown University Hosp.*, 631 F.Supp.2d 71, 78 (D.D.C. 2009) ("Cases interpreting this provision have established that the timely filing of a charge with the EEOC, and the automatic cross-filing of a claim with the DCOHR that follows, is sufficient to toll the one-year statute of limitations for filing a claim under the DCHRA."); *Ibrahim v. Unisys Corp.*, 582 F.Supp.2d 41, 47 (D.D.C. 2008) ("[T]he deferral of jurisdiction by the DCOHR amounted to a dismissal of [the plaintiff's] complaint 'on the grounds of administrative convenience.' " (quoting *Griffin v. Acacia Life Ins. Co.*, 925 A.2d 564, 573 (D.C. 2007))). Accordingly, the statute of limitations on Plaintiff's DCHRA claims was tolled when Plaintiff filed her complaint with the EEOC on July 17, 2012.

Pursuant to the worksharing agreement between the DCOHR and the EEOC, "the EEOC's issuance of a right to sue notice automatically results in the DCOHR's termination of the case based on administrative convenience, enabling the plaintiff to file suit under the . . . DCHRA." *Miller*, 2014 WL 2932531, at *5 ("[O]nce the EEOC charge was filed, the DCHRA's one year statute of limitation was tolled until the plaintiff received a notice from the EEOC of his right to sue"). As the EEOC issued Plaintiff's right to sue letter before Plaintiff withdrew her complaint from the DCOHR, the Court views as dispositive the EEOC's issuance of the right to sue letter—not Plaintiff's subsequent withdrawal of her complaint with the DCOHR.[4]

---

[4] Even if Plaintiff's withdrawal of her complaint were the controlling action, there is case law supporting the proposition that the statute of limitations is tolled between the date of filing a complaint and when a complaint is withdrawn from the DCOHR. *See Zelaya v. Unicco Service Co.*, 587 F.Supp.2d 277, 284 (D.D.C. 2008) (holding that plaintiff's DCHRA claims were tolled for statute of limitations purposes between the filing date and when the complaint was withdrawn). Accordingly, even if the withdrawal were controlling, the Court finds that Plaintiff's DCHRA claims would still be timely as the statute of limitations was tolled from July 2012 to March 2014.
 The Court finds Defendants' argument that the withdrawal of an administrative complaint erases any tolling period that may have accrued unpersuasive. Defendants contend that *Zelaya* is

Accordingly, the tolling period for Plaintiff's DCHRA claims ended when the EEOC issued its right to sue notice.

Defendants' reliance on *Coleman v. Potomac Elec. Power Co.*, No. 04-7043, 2004 WL 2348144 (D.C. Cir. Oct. 19, 2004) and *Kamen v. Int'l Bhd. of Elec. Workers (IBEW), AFL-CIO*, 505 F. Supp. 2d 66 (D.D.C. 2007) to argue that Plaintiff's claims were not tolled during the pendency of her administrative complaint is unavailing. In holding that "[t]he filing of an administrative complaint does not toll the DCHRA's one-year statute of limitations," *Coleman*, 2004 WL 2348144, at *1, the *Coleman* and *Kamen* courts relied on *Anderson v. U.S. Safe Deposit Co.*, 552 A.2d 859 (D.C. 1989), a 1989 D.C. Court of Appeals case that bases its holding on the language of an older version of the DCHRA statute which *did not* contain the tolling provision. In 1997, the DCHRA was amended to add a tolling provision for claims during the pendency of the DCOHR administrative process. *See Zelaya*, 587 F. Supp. 2d at 283. In 2002, the tolling provision was further amended to provide for tolling during *any* administrative process, whether before DCOHR or EEOC. *Id.* Plaintiff's Complaint encompasses actions that all occurred well after the DCHRA was amended to include an explicit tolling provision. Accordingly, *Kamen* and *Coleman*, which rely on *Anderson*—a case analyzing whether a tolling period should be read into the DCHRA statute in the absence of an explicit tolling provision—

---

inapposite because it does not engage with the holdings of *Coleman v. Potomac Elec. Power Co.*, No. 04-7043, 2004 WL 2348144 (D.C. Cir. Oct. 19, 2004), or *Kamen v. Int'l Bhd. of Elec. Workers (IBEW), AFL-CIO*, 505 F.Supp.2d 66 (D.D.C. 2007)—the two cases on which Defendants rely—and because the "rationale applied in *Zelaya* is not persuasive." Defs.' Mot. at 12 n.4. However, as discussed *infra*, *Coleman* and *Kamen* rely on an older version of the DCHRA statute and thus are no longer relevant. In addition, Defendants offer no compelling argument against the *Zelaya* rationale and do not cite to any authority for the proposition that Plaintiff's withdrawal of her administrative complaint erases her accrued tolling period.

are irrelevant to the Court's analysis.[5]

Plaintiff asserts that Defendants' alleged discriminatory acts led to her constructive discharge in July 2012. Plaintiff filed a complaint with the EEOC on July 17, 2012, which, pursuant to the worksharing agreement, was cross-filed with the DCOHR on the same date, beginning the tolling of Plaintiff's DCHRA claims. The EEOC issued Plaintiff a right to sue letter on August 26, 2013, but Plaintiff did not receive the letter until February 14, 2014. Plaintiff filed suit in the Superior Court of the District of Columbia on April 25, 2014. Accordingly, whether the Court views Plaintiff's DCHRA claims as tolled for a total of thirteen months or eighteen months,[6] the Court finds that Plaintiff's DCHRA claims were well within the one year statute of limitations and are thus timely.

    **ii.  Plaintiff's Title VII Claims**

Defendants next argue that Plaintiff's Title VII claims are barred by the statute of limitations. Pursuant to Title VII of the Civil Rights Act of 1964, a Plaintiff must file a civil action claiming discrimination "within ninety days after the giving of [an EEOC dismissal] notice." 42 U.S.C. § 2000e-5(f)(1). Specifically, the 90-day clock begins the day after the date

---

[5] Defendants' argument that "the Court in *Coleman* . . . held that the tolling language in D.C. Code § 2-1403.16(a), does not void the express limitations period established by the DCHRA . . . ," Defs.' Mot. at 11, lacks support because *Coleman* did not actually engage with the language of the tolling provision, which was added to the amended DCHRA. In the brief *Coleman* opinion, the United States Court of Appeals for the D.C. Circuit stated no more than "the district court correctly held appellant's claim under the D.C. Human Rights Act of 1977 ("DCHRA") time-barred. . . . The filing of an administrative complaint does not toll the DCHRA's one-year statute of limitations" and cite to *Anderson*. *Coleman*, 2004 WL 2348144, at *1. Likewise, the district court in *Kamen* did not engage with the language of the tolling provision, but only recited the analysis and holding of *Anderson*.

[6] Plaintiff argues that the Court should calculate the tolling period based on the date Plaintiff received the EEOC's right to sue letter—February 14, 2014—as opposed to the date the letter was issued in August 2013. Pl.'s Opp'n at 15-16. The Court need not decide which is the appropriate date for calculating the tolling period because Plaintiff's claims are within the statute of limitations period regardless of which date is used.

of receipt of the EEOC right to sue letter. *Akridge v. Gallaudet Univ.*, 729 F.Supp.2d 172, 178 (D.D.C. 2010) (citing Fed. R. Civ. P. 6(a)(1)). It is presumed that the right to sue letter was mailed on the same date of its issuance, *see Anderson v. Local 201 Reinforcing Rodmen*, 886 F.Supp. 94, 97 (D.D.C. 1995), and, if the date on which plaintiff received the letter is unknown, it is presumed that the letter was received three days after it was mailed, *see Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n. 1 (1984). The 90-day period for filing a civil action is like a statute of limitations subject to waiver, estoppel, and equitable tolling. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). "When a plaintiff can demonstrate that she failed to receive the right to sue letter because of 'fortuitous circumstances,' 'events beyond [her] control' or 'no fault' or her own, the limitations periods may be tolled." *Ryczek v. Guest Services, Inc.*, 877 F.Supp. 754, 758 (D.D.C. 1995) (quoting *Lewis v. Conners Steel Co.*, 673 F.2d 1240, 1243 (11th Cir. 1982)).

Defendants argue that Plaintiff's Title VII claims must be dismissed as untimely because they were not filed within ninety days of the EEOC's August 2013 right to sue letter. Defs.' Mot. at 5. Specifically, Defendants argue that the Court should presume that Plaintiff's right to sue letter was received three to five days after the EEOC issued it, and that accordingly, Plaintiff's ninety-day deadline expired in November 2013, five months before Plaintiff filed suit in Superior Court. *Id.* at 7. Defendants contend that "there is ample evidence that the EEOC Notice was mailed to the correct address." Defs.' Reply at 3.

Plaintiff argues that her Title VII claims were timely filed because she did not actually receive the right to sue letter until February 14, 2014, seventy days before she filed suit in Superior Court. Compl. ¶ 5; Pl.'s Opp'n at 3. Plaintiff contends that the presumption that a letter is received three to five days after it is mailed is a rebuttable presumption, and that she has

provided sufficient evidence at the Motion to Dismiss stage to rebut this presumption. Pl.'s Opp'n at 6–8, 11. Plaintiff points to her own sworn affidavit averring that she never received the August 26, 2013, letter and did not know about the letter until she contacted the EEOC on February 10, 2013, learned for the first time her complaint had been dismissed, and was sent a copy of the right to sue letter. *Id.* at 11; Pl.'s Ex. 2 (Declaration of Marnie M. Hammel), ECF No. [11-3], at 5-11; Pl.'s Ex. 3 (Second Declaration of Marnie M. Hammel), ECF No. [11-3], at 5-15. Plaintiff also points to an August 7, 2013, EEOC letter, which Plaintiff found in her EEOC file, but apparently never received when it was sent in the postal mail because it was misaddressed. Pl.'s Opp'n at 11; Pl.'s Ex. 6 (EEOC Aug. 7 Letter), ECF No. [11-6]. Plaintiff posits that the EEOC office "might have re-used the same erroneous mailing label [on the right to sue letter] that was presumably used on August 7, 2013," shortly before the right to sue letter was issued. Pl.'s Opp'n at 11.

Although Defendants are correct that when the receipt date of a right to sue letter is unknown or disputed, courts may presume that the letter was received three or five days after it was mailed, *Mack v. WP Co.*, 923 F.Supp.2d 294, 299 (D.D.C. 2013), Plaintiff is correct that this presumption "can be rebutted by evidence to the contrary." *Id.* at 300 (citing *Griffin*, 151 F. Supp. 2d at 81–82). Specifically, the presumption may be rebutted by "sworn testimony or other admissible evidence" as to the receipt of the letter. *McAllister v. Potter*, 733 F.Supp.2d 134, 143 (D.D.C. 2010) (quoting *Okereh v. Winter*, 600 F.Supp.2d 139, 142 (D.D.C. 2009), *rev'd on other grounds sub nom*, *Okereh v. Mabus*, 625 F.3d 21 (D.C. Cir. 2010), and *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 526 (2d Cir. 1996)).

The Court finds that Plaintiff has provided sufficient evidence at this stage to rebut the presumption that the August 26, 2013, right to sue letter was received three to five days after it

was mailed. Although Defendants note that the address on Plaintiff's right to sue letter is Plaintiff's correct address, Plaintiff has presented a sworn affidavit averring that she never received the right to sue letter in the mail and that she only received a copy of the letter once she followed up with the EEOC in February 2014. Furthermore, Plaintiff has provided a letter from the EEOC to Plaintiff which was misaddressed (and never received) only two-and-a-half weeks prior to the EEOC mailing its right to sue letter. Plaintiff posits that the mailing label on the right to sue letter was similarly misaddressed, even though the right to sue letter itself contained Plaintiff's proper address. Defendants do not make any argument or provide any evidence to rebut Plaintiff's theory.

In light of this evidence and the fact that courts are typically cautious in granting a motion to dismiss on statute of limitations grounds, the Court is not inclined to dismiss this case on timeliness grounds at this stage. *See Rudder*, 2014 WL 2586335, at *2 ("Because statute of limitations defenses often are based on contested facts, the court should be cautious in granting a motion to dismiss on such grounds; 'dismissal is appropriate only if the complaint on its face is conclusively time-barred.' " (quoting *Firestone*, at 1209)). Accordingly, the Court finds that Plaintiff's claims were timely filed within the ninety day statute of limitations: Plaintiff received the right to sue letter on February 14, 2014,[7] and filed suit on April 25, 2014, seventy days later.

### B. Plaintiff's Claims against MMC

Defendants next argue that Plaintiff did not exhaust her administrative remedies against Defendant MMC because she did not name MMC as her employer or as a party in her EEOC charge nor has she "pled or shown that MMC had adequate notice or an opportunity to conciliate

---

[7] Even if the Court were to use the date on which Plaintiff first received notice of her EEOC dismissal—February 10, 2014—Plaintiff's Title VII claims are still timely as they were filed within 74 days of receiving notice.

on its *own behalf*." Defs.' Mot. at 7; Defs.' Reply at 9. On this basis, Defendants argue that the Court must dismiss all of Plaintiff's Title VII claims against MMC. Defs.' Reply at 8.

Plaintiff responds that she did in fact exhaust her administrative remedies against MMC because MMC is the parent company of Marsh USA and is represented by the same counsel as Marsh USA, and, thus, "had fair warning of administrative charges and had an opportunity to resolve the claim prior to the civil action." Pl.'s Opp'n at 12.

Courts have found that a plaintiff can proceed against a party not named in an EEOC charge when "they have been given *actual notice* of the EEOC proceeding or have an identity of interest with the party or parties sued before the EEOC." *E.E.O.C. v. Metzger*, 824 F.Supp. 1, 4 (D.D.C. 1993) (emphasis added) (citing *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, U.A.*, 657 F.2d 890, 905 (7th Cir. 1981)). It is also important that the unnamed party be "given the opportunity to participate in conciliation proceedings aimed at voluntary compliance." *Eggleston*, 657 F.2d at 905.

Having reviewed the case law and the facts pled in this case, the Court finds that Plaintiff has not exhausted her administrative remedies against Defendant MMC. In her Opposition to Defendants' Motion to Dismiss, Plaintiff argues only that MMC can be a party to this suit even though it was not named in Plaintiff's EEOC charge because (1) MMC is the parent company of Marsh USA and thus has an identity of interest with Marsh USA, and (2) MMC is represented by the same counsel. Pl.'s Opp'n at 12. Courts have found that simply being the parent company of a subsidiary that is named in the EEOC charge is not enough to find that a plaintiff has exhausted her administrative remedies against the unnamed parent company. *See, e.g.*, *Olsen v. Marshall & Ilsley Corp.*, 267 F.3d 597, 604 (7th Cir. 2001) ("[A] parent organization not named in the plaintiff's EEOC charge must be dismissed from the suit unless the plaintiff can show that the

parent had notice of the claim against it, as opposed to its subsidiary, and had an opportunity to conciliate on its own behalf." (citing *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 127 (7th Cir. 1989))); *Schnellbaecher*, 887 F.2d at 127 ("We agree with defendants, however, that the district court properly dismissed the suit against [parent corporation] HSSI.  Although HSSI had notice of the charges against Baskin, it did not thereby have any notice of any charges against it, nor did it have any opportunity to conciliate on its own behalf."); *Bernstein v. Nat'l Liberty Int'l Corp.*, 407 F.Supp. 709, 716 n.6 (E.D. Pa. 1976) ("[P]laintiff sets out numerous reasons as to why NLC must have known that it was the target of plaintiff's charges with the EEOC, the most important of which is that, since NLC is NLIC's parent corporation, it must have been aware that the charge was directed at the entire corporate structure. We do not agree. The important question is whether NLC received notice that it was the subject of an investigation, not whether its subsidiary was under investigation."); *De Los Santos v. UBS Fin. Servs., Inc.*, No. 09-1168, 2010 WL 936150, at *2-*3 (D.P.R. 2010) ("Because Plaintiff has not exhausted her administrative remedies against Defendant UBS [only UBS PR], Plaintiff is not entitled to file a civil suit against Defendant UBS alleging Title VII and ADEA claims.").  Here, Plaintiff has alleged only that MMC is the parent company.  Plaintiff has not even alleged that MMC had notice of the administrative complaint against Marsh USA or that MMC participated in the administrative proceedings on Marsh USA's behalf, much less on its own behalf.  Accordingly, the Court cannot find that Plaintiff exhausted her administrative remedies against MMC simply because MMC is a parent company of named Defendant Marsh USA.

Likewise, the fact that Marsh USA and MMC are represented by the same counsel is not dispositive.  Plaintiff cites to *Mayo v. Questech, Inc.*, 727 F. Supp. 1007, 1012 (E.D. Va. 1989), in which a court allowed claims to proceed against defendant directors who were not named in

an EEOC charge alleging discrimination by the corporation where the directors served. In holding that the Plaintiff could bring suit against the unnamed directors, the district court noted that the directors were represented by the same counsel as the corporation. *Id*. However, the district court also relied on the fact that the "conduct of the director defendants was at the heart of the EEOC charge" such that "they were not, as a practical matter, absent from the proceeding." *Id*. Indeed, although the plaintiff's EEOC charge only named the corporation, the allegations in the plaintiff's charge were focused on the actions of the individual director defendants who each received a copy of the administrative charge. *Id.* at 1008-10. Accordingly, the district court found the interests of the parties were "so essentially similar" that the naming of the director defendants in the EEOC charge was not required. *Id.* at 1012. Here, MMC is not at the heart of Plaintiff's EEOC charge nor even Plaintiff's present Complaint. Plaintiff does not name nor even reference MMC in the body of her EEOC charge. *See* Defs.' Ex. A (EEOC Charge), ECF No. [7-2]. *Cf. Shehadeh v. Chesapeake & Potomac Tel. Co. of Maryland*, 595 F.2d 711, 728–29 (D.C. Cir. 1978) (holding as error dismissal of complaint against company that was not formally named as respondent in EEOC charge but was named in the body of the charge). Further, Plaintiff has not alleged any facts that suggest a "common discriminatory scheme" between Marsh USA and MMC. *See Brewster v. Shockley*, 554 F.Supp. 365, 368 (W.D. Va. 1983). Instead, Plaintiff's EEOC charge focuses exclusively on actions taken by her Supervisor and Managing Directors at Marsh USA. *See* Defs.' Ex. A (EEOC Charge).

Accordingly, as "Plaintiff has provided no evidence that [the unnamed party] was given the opportunity to participate in the EEOC proceedings or that [the unnamed party] was mentioned in the details of the charge before the EEOC, *Metzger*, 824 F. Supp. at 4, the Court finds that Plaintiff has not exhausted her administrative remedies against Defendant MMC and,

therefore, the Court dismisses all of Plaintiff's Title VII claims against MMC.

### C. Plaintiff's Constructive Discharge Claims

Finally, Defendants argue that Plaintiff's constructive discharge claims—Counts 13 and 18—must be dismissed because constructive discharge is not an independent cause of action. Defs.' Mot. at 13. Courts in this circuit have held that constructive discharge is not an independent basis for Title VII liability. *See, e.g.*, *Kalinoski v. Gutierrez*, 435 F.Supp.2d 55, 73–74 (D.D.C. 2006); *Russ v. Van Scoyoc Associates, Inc.*, 122 F.Supp.2d 29, 35–36 (D.D.C. 2000). Rather, a constructive discharge claim is a component of a discrimination case or is relevant to the scope of potential recovery on discrimination or retaliation claims. *See Russ*, 122 F.Supp.2d at 35; *Kalinoski*, 435 F.Supp. at 73–74.

Plaintiff, herself, appears to concede that constructive discharge is not an independent claim. *See* Pl.'s Opp'n at 18. Plaintiff explains that she "only wishes to pursue her claims that the Defendants' conduct led to her constructive discharge, and seek recovery for such damages." *Id.* Accordingly, like the district court in *Kalinsoki*, the Court shall consider Plaintiff's constructive discharge claims "to be an assertion ultimately relating to the scope of plaintiff's potential recovery in the event that she prevails on the claims of discrimination or retaliation." *Kalinoski*, 435 F.Supp.2d at 73-74. Therefore, the Court dismisses Counts 13 and 18 as independent claims of liability, but shall permit Plaintiff to allege that Defendants' actions caused her constructive discharge and seek recovery for such injury.

### IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is DENIED IN PART and GRANTED IN PART. Defendants' Motion to Dismiss is DENIED in so far as Plaintiff's DCHRA and Title VII claims are not barred by the statute of limitations. Defendants' Motion to

Dismiss is GRANTED in so far as Plaintiff's Title VII claims against Defendant MMC must be dismissed for failure to exhaust administrative remedies. Finally, Defendants' Motion to Dismiss is GRANTED in so far as Plaintiff's constructive discharge claims must be dismissed to the extent they are asserted as independent bases for liability.

An appropriate Order accompanies this Memorandum Opinion.

/s/
**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE
